Richard Anders
No. 44503-019
P.O. Box 15330
Fort Worth, Texas  76119-0330



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| VS. | § | No. 04-20250-CR-JORDAN(1) |
| RICHARD ANDERS, et al. | § | |

### MOTION FOR REDUCTION OF SENTENCE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE A. JORDAN:

NOW COMES, Richard Anders, the Defendant in this action, proceeding **pro se**, and moves the Court to reduce his sentence which was previously imposed on May 16, 2008, for committing Securities Fraud. On said date, the Court sentenced Anders to one hundred twenty (120) months imprisonment, three years supervised release, and $5,858,850.55 restitution. The Court also recommended Anders complete a 500 hour drug rehabilitation program.

### A. Relief Sought

1. Pursuant to this Court's recommendation made at co-defendant Nicholas Bachysky's February 2011 Motion for New Trial Hearing (the "New Trial Hearing"), Anders presents this motion before the Court and the Government seeking a reduction of sentence. Anders is scheduled to be released to a Residential Release Center ("RRC") in Houston, Texas on

1

August 6, 2012, and has an ultimate good conduct time release date from BOP custody on February 6, 2013.

2. Reducing Anders' release date to May 6, 2012, equates to a nine (9) month sentence reduction. This reduction amount is about one percent of Anders' total time served in prison and less than the one year reduction under 18 U.S.C. § 3621(e) he was eligible for that he was ultimately denied **because of** the New Trial Hearing.[1]

### B. Grounds for Reduction

3. Anders submits, pursuant to the Court's recommendation, that his sentence be reduced, as requested, because he has, since the original sentence was imposed, provided substantial assistance in the investigation of co-defendant Nicholas Bachysky claims seeking a new criminal trial.

4. The testimony provided by Anders during the New Trial Hearing was truthful, and the usefulness of the information could not reasonably have been anticipated by Anders until he became aware of Bachysky's motion for new trial. At that time, Anders cooperated with his court appointed counsel, Mr.

---

[1] Anders was able to re-enroll in another vocational technology Office Technology course upon his return at F.C.I. Fort Worth and successfully completed the course. In fact, Anders has become a Keyboarding instructor for the Education Department since completing the Office Technology course with outstanding marks. Anders was eligible for the one year reduction under 18 U.S.C. § 3621(e). He was convicted of a qualified offense & has no violent history. Anders only had to successfully complete RDAP.

William Barzee, Esq., and promptly provided an affidavit and testified after traveling to Florida at tremendous cost.

5. Anders is of the opinion that his testimony was crucial to denying Bachynsky's motion for new trial.

6. Anders is also of the opinion that his testimony played, if not a crucial, at least an important part of exposing Bachysky's illicit scheme and conspiracy to hire multiple eastern European Jewish inmates to submit false affidavits to support Bachysky's bogus Motion for New Trial. This testimony may lead to several arrests and additional convictions. A reduction of sentence is appropriate, particularly if this Court recognizes and rewards those who cooperate in the investigation and prosecution of these matters.

7. In recommending a reduction in sentence of nine (9) months, Anders draws the Court's attention to the fact that Anders subjected himself to loss of drug rehabilitation ("RDAP") while in custody in contravention of this Court's sentencing recommendation and also eligibility for a one year early release under 18 U.S.C. § 3621(e). But for the New Trial Hearing, Anders would have started the BOP RDAP program shortly after the new year in 2011. However, he began the arduous transfer process to FCI Miami on December 26, 2010. Anders did not return back to FCI Fort Worth until March 26,

3

2011, too late to take advantage of the § 3621(e) one year early release for community care.[2]

8. Finally, Anders is of the opinion that the sentence reduction recommended and requested in this motion is appropriate given the results given the results produced by his post-sentence cooperation.

### C. Conference with Government

9. Due to Anders' incarcerative status, he has been unable to confer with the Government on this matter. Anders asks the Court to initiate a reply from the Government on whether they support or oppose this motion or will file a motion under Fed.R.Crim.P. 35(b)(1).

Respectfully submitted,

Dated: April 25, 2012.  /s/ [signature]
RICHARD ANDERS
Plaintiff, pro se

### CERTIFICATE OF SERVICE

I hereby certify that the Government has been served with a true and correct copy by placing same in the U.S. Mail, first class, postage prepaid, addressed to: Mike Davis, Office of the U.S. Attorney, and Wifredo A. Ferrer, U.S.

---

[2] There is an over-abundance of case law explaining that the one year release under 18 U.S.C. § 3621(e) is discretionary and that a prisoner lacks any liberty interest in the time. Anders does not challenge the loss of § 3621(e) time, but posits the loss to show prejudice by cooperating and complying with the Court and the Government pertaining to the New Trial Hearing.

Attorney, 99 N.E. 4th St., Miami, FL, 33132.

Dated: April 25, 2012.          /s/ _____
                                    RICHARD ANDERS
                                    Plaintiff, **pro se**